## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 09-60777-CIV-ALTONAGA/Brown

**NELSON DEMEZIER**,

      Plaintiff,

vs.

**RAVEDE INSURANCE AGENCY, INC.**,
*et al.*,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court on Plaintiff, Nelson Demezier's ("Plaintiff['s]")
Motion for Final Summary Judgment [D.E. 25], filed December 18, 2009; and Defendants, Ravede
Insurance Agency, Inc. and Jay P. Ravede's ("Defendants[']") Motion for Final Summary Judgment
[D.E. 40], filed January 11, 2010.[1]  Plaintiff moves for summary judgment on Counts I (FLSA —
Company) and II (FLSA — Ravede) of the Amended Complaint [D.E. 19-1]; Defendants move for
summary judgment on Counts I, II, III (Unpaid Wages/Florida Statutes § 448.08 — Company), IV
(FLSA Anti-Retaliation — Ravede), and V (FLSA Anti-Retaliation — Company).  The Court has
considered the parties' written submissions and the applicable law.

### 1.    Legal Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure
materials on file, and any affidavits show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The Court "must

---

[1] The Court granted Defendants an extension of time until January 12, 2010 to file their motion for
summary judgment.  (*See* [D.E. 38]).

Case No. 09-60777-CIV-ALTONAGA/Brown

view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Hayes v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).

      2.     **Analysis**

          A.    <u>Counts I and II</u>

As to Counts I and II, the failure to pay a minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, it is undisputed that Plaintiff performed work for the Defendants through October 22, 2008, but that Plaintiff received his last paycheck on October 14, 2008, for work performed through October 10, 2008. (*See* Ravede Dep. [D.E. 26-2] 30:20–32:6). Defendants argue, however, that Plaintiff was fully compensated because Defendants were entitled to a setoff against Plaintiff's wages.

A minimum wage "must normally be paid 'free and clear.'" *Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1369 (5th Cir. 1973) (quoting 29 C.F.R. § 531.35). The one statutory exception to this requirement "allows the employer to count as wages 'the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees.'" *Id.* (quoting 29 U.S.C. § 203(m)). *Veterans Cleaning Service* also recognizes three judicially created exceptions to the free and clear requirement. *See id.* An employer may make "paycheck deductions, even where they reduce the net pay to the employee below minimum wage[,]" if: (1) the employee misappropriates the employer's money, (2) the employer makes a free and clear advance — a loan — to the employee, or (3) the employer pays a third party creditor at the employee's request. *Id.*

Plaintiff first argues Defendants impermissibly reduced his wages under *Veterans Cleaning*

2

*Service*.  The parties, however, dispute almost every fact related to Plaintiff's employment and compensation.  Plaintiff asserts that Defendants provided only one advance, which he subsequently earned (*see* Demezier Aff. [D.E. 26-3] ¶ 7); that other alleged "advances" were bonuses he was entitled to (*see id.* ¶¶ 6, 8); and that Defendants reduced his paycheck for groceries purchased at Publix, meals provided in Jay Ravede's ("Ravede['s]") home, and a $495 insurance agent license fee (*see id.* ¶ 11).  Defendants contend they did not pay Plaintiff for the final days he worked because Plaintiff owed Defendants for: (1) the $495 license fee; (2) multiple advances totalling $1,802; and (3) $4,000 of misappropriated funds.  (*See* First Ravede Aff. [D.E. 26-4] ¶ 10; Second Ravede Affidavit [D.E. 40-2] ¶¶ 24–25, 30–32).  These disputes create genuine issues of material fact concerning the amount, if any, of permissible deductions from Plaintiff's wages.

Second, assuming Defendants' version of the facts, Plaintiff next argues the undisputed deduction for the license fee was impermissible, and Defendants failed to segregate permissible and impermissible deductions, so all the deductions were impermissible.  (*See* Pl.'s Mot. [D.E. 25] at 6–7).  Plaintiff is correct the employer bears "the burden of segregating permissible deductions from impermissible ones."  *Veterans Cleaning Serv.*, 482 F.2d at 1370.  In *Veterans Cleaning Service*, however, the court held an employer adequately segregated a permissible deduction when he testified the deduction for the employee's traffic citation was $300.  *See id*.  Likewise, Ravede's Second Affidavit demonstrates the license fee was $495, and all other advances were paid by check.  (*See* Second Ravede Aff. ¶ 24).  Thus, Ravede's testimony at trial may adequately segregate the permissible and impermissible deductions.[2]

---

[2]  The Court declines to decide at this time whether the license fee deduction was impermissible because it is not clear from the record whether the license primarily benefitted Plaintiff or Defendants.  *See* 29 C.F.R. § 531.32(c) (noting a deduction is not permissible for the cost of furnishing "facilities" that

Case No. 09-60777-CIV-ALTONAGA/Brown

Third, Plaintiff argues the alleged voluntariness of his assignment of wages is suspect. (*See* Pl.'s Mot. at 8 (citing *Veterans Cleaning Serv.*, 482 F.2d at 1370)). The rule Plaintiff cites, however, applies to non-loan debts to an employer; and Defendants argue the parties' agreement concerning repayment applied to advances, i.e., loans, which is permissible and not inherently suspect under *Veterans Cleaning Service*.

Finally, Plaintiff argues Defendants did not raise setoff for misappropriation as an affirmative defense in their Answer, so they should be barred from raising this affirmative defense now. A defendant waives affirmative defenses that he or she fails to assert in pleadings. *See In re Holywell Corp.*, 913 F.2d 873, 881 n.13 (11th Cir. 1990). Although Defendants raised the affirmative defense of setoff for the advances and the license fee (*see* Answer [D.E. 23] ¶¶ 38–39), Defendants never raised the affirmative defense of setoff for misappropriation.

In sum, Plaintiff is granted summary judgment on Defendants' affirmative defense of setoff for misappropriation. Defendants' Motion for Summary Judgment on Counts I and II and the remainder of Plaintiff's Motion for Summary Judgment are denied because there are genuine issues of material fact.

      B.     <u>Counts II, IV, and V</u>

As to Counts III, IV, and V, Defendants have not cited any law or explained how the material facts entitle them to summary judgment — their entire Motion for Summary Judgment addresses Counts I and II. As such, Defendants have failed to meet their burden on summary judgment as to Counts III, IV, and V. *See* FED. R. CIV. P. 56(c); *see also* S.D. Fla. L.R. 7.1.A.1. ("Every motion when filed shall include or be accompanied by a memorandum of law citing supporting authorities

---

primarily benefit the employer).

Case No. 09-60777-CIV-ALTONAGA/Brown

. . . .").  Defendants' Motion for Summary Judgment on Counts III, IV, and V is denied.

**3.     Conclusion**

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion for Final Summary Judgment **[D.E. 25]** is **GRANTED IN PART**.

2.  Defendants' Motion for Final Summary Judgment **[D.E. 40]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of February, 2010.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

5